## Case No. 14,877.

UNITED STATES ex rel. McKEE v. COUNTY COURT OF VERNON COUNTY.

[3 Dill. 281;[1] 2 Cent. Law J. 771; 1 N. J. Wkly. Dig. 378.]

Circuit Court, W. D Missouri. Nov., 1875.

MUNICIPAL BONDS—RIGHT OF JUDGMENT CREDITOR TO MANDAMUS—SPECIAL TAX—PRACTICE.

1. A judgment creditor of a county who has received a warrant on the treasurer which is refused payment, may have a mandamus to enforce the collection of a tax to pay such judgment, and is not bound to wait and take his turn among other warrant-holders.

[Cited in U. S. v. Johnson Co., Case No. 15,- 489.]

2. When the court will order a special tax against a county to pay a judgment; the practice in such cases stated.

In this case motion was made by respondent at this term to quash the alternative writ which had been issued requiring respondent to levy and cause to be collected a special tax for the payment of the relator's judgment. It seems that upon representation made by the respondent that there was money in the county treasury for the purpose, the court at the last term by mandamus ordered a warrant issued for the amount, but said warrant when presented was not paid. Township organization has been adopted by the county, and May last, the three judges of the county court went out of office and one single judge came into office to continue the court under the new law. The present mandamus was served, as well on the retiring judges as the new judge. The former made return of their departure from office, and the motion to quash was made on behalf of the single judge now constituting the court. The grounds of the motion were: (1) That it was premature, not showing failure in respondent to comply with any demand. (2) That this court has not the power to order a special tax for the purpose. In support of these positions, the township organization law of 1873 was cited by the defendant's counsel, to show the process and machinery therein provided for the management of county affairs and collection of its revenues. And it was urged that the only duty or power of the county court is to levy the tax annually in April, after proper assessment has been made; that said relator, although he has a judgment, must have his warrant endorsed by the treasurer— "no funds"—and take his turn with other creditors in succession in obtaining payment of the warrant; that this court could not create a revenue law and appoint officers and levy special taxes every time a judgment is obtained against a municipality. If this be so, it was argued that every time a physician attends a pauper, and gets a warrant for his services, he can put in motion all the machinery of the law and have a special tax levied and collected for his benefit.

Ewing & Smith, for relator.
C. G. Burton, for respondent.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge, orally rendered decision, in substance saying: We cannot go through all the maze of procedure proposed by counsel for enforcing the judgments of this court against municipal corporations. If we should adopt the views of the defendant's counsel, our judgments would be reduced to a sham and a farce. The practice in these proceedings is largely settled already in this circuit. Our ordinary course is not to require a special assessment, and levy at a special and arbitrary time, but to have the tax levied and collected with the general annual levy. Such special levy can then be made on the books and collected without much additional expense or trouble, and in the exercise of its discretion the court aims to avoid all unnecessary severity and useless costs. Some delay may thereby be occasioned to the creditor, but in theory of law, he is compensated therefor by interest. This is the method we have taken and carried out in all cases.

When we have the right to order a special levy, we do not hesitate to do so, if it becomes necessary; but if the respondent appears and gives satisfactory assurance that the requisite amount will be embraced in the general levy, and that sufficient will be appropriated therefrom by a proper order to pay the particular debt, in such case a special levy may be dispensed with. We are governed by the circumstances of each case.

In the case at bar, McKee recovered a judgment against Vernon county in November, 1874 [Case No. 8,851], whereon execution issued in December and payment was demanded. The execution was returned nulla bona. It was the duty of the county court, after what had been done by the relator, to levy a tax the following April, to pay this debt, but it did not do it. It was represented to us at the last term, that funds therefor were in the treasury. and if warrant were drawn the creditor would have a short road to obtain payment. Having received his warrant he was met with response of "no funds," and he is asked to register this warrant and wait for his turn to get his money in the order that warrants are presented. We hold that he is not required to do so.

The motion to quash is refused, and let order go for a peremptory writ on respondent to levy at the next April term, a special tax, at the time when the general annual levy is made for county purposes, to pay the judgment. The costs of the writ served on persons not officers must be paid by the relators. Ordered accordingly.

---

## Case No. 14,877a.

UNITED STATES v. COURT.

[See Case No. 14.874.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]